## 32001. WILLIAMS *v.* THE STATE.

DECIDED MAY 6, 1948.

52

*A. B. Spence, Harry M. Wilson,* for plaintiff in error.

GARDNER, J. ■ So far as the general grounds are concerned, the evidence is sufficient to sustain the verdict. There are two special grounds, which we will deal with in their order.

■ Special ground 1 complains of the following excerpt from the charge: "If the jury should believe that the defendant assaulted the person named in the indictment in the manner charged, that the assault was unlawful, malicious, and with a weapon as used was likely to kill." The error assigned on this charge is that it was an expression of an opinion under the Code, § 81-1104, and invaded the province of the jury. When we view this excerpt with the charge as a whole, there is no merit in this contention. The excerpt is not reversible error for another reason: The defendant did not deny shooting Frank with a deadly weapon. He admitted that in his statement, then he sought to justify himself on the ground that he shot in self-defense under the fears of a reasonable man that Frank was endeavoring to take his life or commit a felony upon him. Counsel for the defendant cites no case similar to the facts here to sustain his contention and we have been able to find no such decision.

■ Special ground 2 assigns error on the ground that the court committed reversible error by failing to charge the law pertaining to mutual combat. There is not any evidence at all either from the standpoint of the State's evidence or the defendant's evidence or in the defendant's statement sufficient to justify a charge on the principle of mutual combat. All the evidence shows that Frank had no weapon at all. It is true that they had heated words before the shooting, but as above stated, they were 12 feet apart, a fence between them, and the defendant did not claim that Frank had any weapon. He did claim that Frank was advancing on him with his hand in his pocket, and moved his hand as if to draw it from his pocket and that thereupon he, the defendant, shot Frank under the principle of law regarding the fears of a reasonable man. The court fully charged upon this principle of law. The jury did not see fit to give credence to the defendant's contentions. After having read this record carefully, we do not think that by any kind of stretch of imagination is the principle of mutual combat involved. To our minds the evidence is so clear to this effect that it would be of no benefit at all to enter into a discussion of the question of mutual combat on which subject there have been so many decisions by both the Supreme Court and this court. We thoroughly agree with the principle of law advanced by counsel for the defendant

that if the evidence shows mutual combat it would have been reversible error not to have charged it. The cases cited by counsel for the defendant are along this "if" line. But there is no case cited wherein the facts are in anywise similar to the facts in the instant case. This ground contains no reversible error.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*